**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE**

USA

    v.                                              Civil No. 07-cv-398-JM

Henry W. McElroy, Jr.
Digital Federal Credit Union

**O R D E R**

The plaintiff moves for partial summary judgment. Defendant's response can most charitably be described as bizarre nonsense. For the reasons set forth in this order, plaintiff is granted partial summary judgment in the amount of $52,313.59, plus statutory additions and interest accruing from January 1, 2009.

### I.  Factual Background[1]

Under Federal Rules of Civil Procedure 36(a)(3), requests for admissions are deemed admitted unless answered or specifically objected to within thirty (30) days of service. The

---

[1] The facts are drawn from the affidavits of Andrea A. Kafka and Rai Shepardson, the certificates of "assessments, payments and other specified matters," and the Requests for Admissions which defendant is deemed to have admitted.

plaintiff served its Requests for Admission on October 10, 2008. Exhibit 8.  Defendant did not file answers or objections within thirty (30) days. Exhibit 1, p.2, #8.  He served a nonsensical and legally ineffective "Returned for Causes" stamped copy of the requests.  Defendant has therefore admitted tax liabilities to plaintiff as of October 30, 2006 as follows:

| | |
|---|---|
| Tax year 1997 | $ 5,996.68 |
| Tax year 1998 | 19,837.50 |
| Tax year 1999 | 4,480.03 |
| Tax year 2000 | 4,639.84 |
| Tax year 2001 | 5,493.32 |
| Tax year 2002 | 7,551.86 |

He has admitted that the Internal Revenue Service has properly assessed the taxes, interest and penalties and that on August 17, 2004 a Notice of Federal Tax Lien was recorded for tax years 1997, 1998, 1999 and 2000, and that a lien for 2001 and 2002 was filed on June 2, 2005.

   Ms. Shepardson has calculated the amounts due as of January 1, 2009 as $52,313.59 plus interest and other statutory additions after that date.  The yearly amounts for 1998 through 2002 are found on page two of her affidavit.  There is no genuine disputed fact.  Defendant is indebted to plaintiff in the amount of $52,313.09 as of January 9, 2009.

## II. Standard of Review

Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgement as a matter of law." Fed. R. Civ. P. 56(c). A party seeking summary judgment must first identify the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). The burden then shifts to the nonmoving party to "produce evidence on which a reasonable finder of fact, under the appropriate proof burden, could base a verdict for it; if that party cannot produce such evidence, the motion must be granted." Ayala-Gerena v. Bristol Myers-Squibb Co., 95 F.3d 86, 94 (1st Cir. 1996; see Celotex. 477 U.S. at 323.

## III. Analysis

The Internal Revenue Service ("IRS") may assess unpaid tax liabilities. See 26 U.S.C. § 6201 et seq. The IRS Form 4340, Certificates of Assessments, Payments, and Other Specified Matters (Exhibits 3-7) are presumptive proof of the amount owing the United States. See Lefebvre v. Commissioner of Internal Revenue, 830 F.2d 417, 419 n. 3 (1st Cir. 1987); United States v.

Rexach, 482 F.2d 10, 15-17 (1st Cir. 1973); and Gentry v. United States, 962 F.2d 555, 557 (6th Cir. 1992).  The Certificates of Assessment are presumed correct as to the date and amount of assessment and of the balances set forth.  United States v. Aivalikles, 278 F.Supp. 2d 141, 143 (D.N.H. 2003).

Once the government produces these Certificates it is entitled to summary judgment unless the taxpayer presents evidence to contradict them.  Here defendant has simply replied with a nonsensical response which is devoid of a single shred of evidence.

Partial summary judgment is granted to plaintiff in the amount of $52,313.59, plus interest and other statutory additions accruing from and after January 1, 2009.

**SO ORDERED.**

_____
James R. Muirhead
United States Magistrate Judge

Date: February 25, 2009

cc:   Andrea A. Kafka, Esq.
      Henry W. McElroy, Jr., *pro se*
      David A. Keele, Esq.
      James Patrick Hall, Esq.